# COLECCIÓN DE LAS SENTENCIAS Y RESOLUCIONES

## DICTADAS POR EL

# TRIBUNAL SUPREMO DE PUERTO RICO

---

## AGUILAR *v.* VÁZQUEZ.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 45.—Resuelto en marzo 15, 1904.

LEGADOS.—Los legados sujetos al cumplimiento de una condición no son exigibles hasta que se cumpla la condición que impusiera el testador.

ID.—MAYOR EDAD.—La exigibilidad de un legado de cantidad, pagadero cuando el legatario sea mayor de edad, no se hace depender del hecho de que el menor o legatario arribe a una edad determinada, sino del día en que tal menor sea capaz para todos los actos de la vida civil, y por consiguiente, aunque la época en que se adquiera la mayor edad se fije por legislación subsiguiente al otorgamiento del testamento, en una edad más temprana de la requerida en la fecha de tal otorgamiento, se entenderá, no obstante, cumplida la condición del testador, tan pronto como el legatario cumpla su mayor edad *con arreglo a la legislación subsiguiente.*.

EFECTO RETROACTIVO DE LAS LEYES.—No se atribuye efecto retroactivo a una ley, cuando el derecho que se invoque con arreglo a ella se origine de hechos realizados con posterioridad al día en que empezó a regir.

RECONVENCIÓN.—La reconvención que no exprese la cuantía exacta de lo que por ella se reclama, adolece de defecto legal en el modo de proponerla, y no debe prosperar.

CONTRIBUCIONES—CRÉDITOS NO DECLARADOS.—Los créditos no declarados para los efectos de la contribución, no pueden ser cobrados por acción legal o pleito ante los tribunales, mientras no se declaren y paguen las contribuciones correspondientes.

COSTAS.—Cuando no se desestimen totalmente las pretensiones de una y otra parte, el tribunal debe resolver, en cuanto a las costas, conforme a equidad.

## EXPOSICIÓN DEL CASO.

Vistos estos autos promovidos en la Corte de Distrito de Humacao entre, partes, de la una, Doña Ruperta Concep-

ción (*) Aguilar, mayor de edad, casada, vecina de Guayama, asistida y con licencia de su esposo, D. Antonio Moret, dirigida y representada en esta Superioridad por el Letrado D. Juan de Guzmán Benítez, y de la otra, D. Edgardo Vázquez y Aguilar, propietario, vecino de Guayama, a quien representa y dirige el Licenciado D. Jacinto Texidor, sobre entrega de un legado de cantidad de pesos y devolución de un depósito, autos pendientes ante nos en virtud de recurso de casación, hoy de apelación, interpuesto por Doña Ruperta Concepción Aguilar, contra la sentencia pronunciada, que copiada a la letra dice así:

"*Sentencia*. En la ciudad de Humacao a los quince días del mes de marzo de mil novocientos dos. *Vistos* en juicio oral y público la causa, digo, estos autos civiles seguidos entre partes, de la una, el Letrado D. Juan F. Vías Ochoteco, en representación de Doña Ruperta Concepción Aguilar, mayor de edad, casada y vecina de Guayama asistida y con licencia de su esposo D. Antonio Moret, demandante, y de la otra, D. Edgardo Vázquez Aguilar, propietario, mayor de edad, vecino de Guayama, demandado, sobre entrega de un legado de metálico, devolución de un depósito de dinero, y abono de intereses legales, con solvendo de costas, representado por el Letrado D. Rafael López Landrón.

"1. *Resultando:* que el demandante formalizó su reclamación interesando que se condene al demandado: 1, A la inmediata entrega a Doña Ruperta Concepción Aguilar de la suma de 8,000 pesos, moneda mejicana, o su equivalente en la hoy circulante, importe del legado que a su hijo Vicente, en su testamento hiciera D. Rafael Vázquez; 2, A satisfacer también a la actora la suma 600 pesos de aquella moneda, o su equivalente en moneda americana, por el depósito constituído en poder de su causante, del supradicho Sr. Vázquez; 3, A pagar también los intereses de las precitadas sumas al tipo legal, desde la fecha de la interposición de la demanda; y 4, Al pago de todas las costas.

"2. *Resultando:* que estas peticiones se fundaron en los siguientes hechos, alegados en la demanda: 1, que al fallecimiento de D. Rafael Vázquez y Vázquez, vecino que fué de Guayama, ocurrido en el año 1890, bajo disposición testamentaria que otorgara ante el Notario D. José Mariano Capó, sucedióle como heredero universal instituído,

su (*) legítimo hijo Don Edgardo, quien aceptó puramente la heren-
cia; 2, que en ese testamento se constituyó, entre otros, un legado
a favor del menor impúber Vicente, hijo de la reclamante, en estos
términos 'lego otros 8,000 pesos al menor impúber Vicente, hijo de
la mencionada Ruperta Concepción, y al cual no se le entregará esa
suma hasta que cumpla su mayor edad, debiendo mientras tanto mi
heredero entregar al tutor de ese menor, una renta de 25 pesos en
moneda corriente, todos los meses, para que con ella atienda el tutor
a los alimentos e instrucción primaria del Vicente, quien dispondrá,
el referido tutor, que cuando cumpla de 13 a 14 años vaya a Europa
o a los Estados Unidos a estudiar un oficio u otra profesión mecánica,
entregando entonces mi heredero, como renta de aquel capital 50 pesos
de moneda corriente que recibirá el tutor mensualmente para que con
ella cuide éste de los gastos de su pupilo en aquellos países, siempre
que permanezca en ellos con aprovechamiento y buena conducta a
juicio de su tutor, pues en otro caso, así como cuando regrese a Puerto
Rico, solamente tendrá derecho a recibir como renta los anteriores
25 pesos mensuales, en la inteligencia de que, si Vicente falleciese
antes de cumplir su mayor edad, este legado pasará a sus herederos,
sin que tenga mi heredero más obligación que la que tendría para con
el Vicente viviendo éste y residiendo en Puerto Rico, o sea que no
estará obligado a entregar los 8,000 pesos a los herederos del legata-
rio hasta la época en que éste hubiere de cumplir su mayor edad, y
que sólo les deberá mientras tanto la renta de 25 pesos mensuales.'
3, Que fallecido el legatario Vicente Aguilar en 1 de septiembre de
1897, fué declarada heredera única abintestato suya por auto de 30
de noviembre del mismo año del extinguido Juzgado de Primera In-
stancia de Guayama su madre natural la demandante Doña Concep-
ción Aguilar; 4, que según la partida bautismal el joven Vicente
Emilio Aguilar, legatario, nació el 5 de abril de 1880, debiendo por
tanto contar en la actualidad, si no hubiera fallecido, la edad de 21½
años; 5, que por otra parte Doña Ruperta Concepción Aguilar había
depositado en poder de Don Rafael Vázquez, con fecha 16 de junio
de 1883, la suma de 600 pesos, moneda corriente en aquella fecha,
sin que hasta hoy le haya sido devuelta esta cantidad ni por Don Ra-
fael Vázquez, ni por su heredero Don Edgardo; y 6, que según la
Orden General núm. 299 del Gobierno Militar, absoluto y supremo que
rigió los destinos de la Isla, la mayoridad, a partir de la fecha de
dicha orden, esto es, desde el 18 de diciembre (*) de 1899, empieza a
los 21 años cumplidos, haciéndose inútil toda gestión, sin embargo

4—6

de haberla hecho el interesado para el logro del abono de ese legado, habiéndose intentado sin efecto el acto conciliatorio.

"3. *Resultando:* que en apoyo de la demanda, aduce la parte actora la disposición primera transitoria del vigente Código Civil, según la que en su concepto se deriva la necesidad de invocar, por lo que respecta al depósito reclamado, la legislación anterior al código, y los preceptos de este cuerpo legal por lo que atañe al legado que es en deberle Don Edgardo Vázquez; los artículos 659, 661, 668, párrafo primero, 773, 885, 858 y 859 del Código Civil, concerniente a la herencia y a los legados; así como también los preceptos generales 1100, 1101, 1108 y 1125 del Código Civil, relativos a la mora, la indemnización de daños y perjuicios, los intereses legales y vencimiento de las obligaciones a día cierto; la citada Orden General, número 219 de 18 de diciembre de 1899, según la cual la mayor edad empieza a los 21 años cumplidos; la doctrina de la ley 1, título 3, part. 5, sobre depósito en general; la de la ley 2 del mismo título y partida que trata del depósito irregular o de cosas fungibles entregadas por peso, número o medida, la ley 10ª. del título 16, partida 6ª., sobre universalidad de los derechos activos y pasivos de la herencia; la ley 18 del mismo título y partida y sentencias de 6 de noviembre de 1858 y 17 de junio de 1872, relativas a la aceptación expresa o tácita de la herencia; y por último la ley 8ª. título 22 de la partida 3ª., impone las costas al litigante temerario.

"4. *Resultando:* que conferido traslado al demandado Don Edgardo Vázquez Aguilar, contestó en tiempo, alegando la excepción de falta de acción en el actor y la reconvención, porte de pagos suplidos, y suplicando para definitivas se declarase sin lugar la demanda y con lugar su reconvención, condenando en su virtud a Doña Ruperta Concepción Aguilar a indemnizar al heredero Don Edgardo, todos los suplementos y gastos que durante el litigio justifique haber verificado en provecho de la demandante, tanto por derechos reales, multas y honorarios de anotación de los legados cuanto por cualquiera otro concepto, con más las costas del litigio.

"5. *Resultando:* que al aducir sus hechos la parte demandada tiene por ciertos los alegados en la demanda, añadiendo que el depósito de 16 de junio, 1883, por la suma de 600 pesos mejicanos no se verificó bajo precauciones de identidad, cierre y lacre por ejemplo, sino como préstamo sin interés remunerado con grandes liberalidades (*) por el testador en su último *elógio;* y que Don Edgardo Vázquez Aguilar, interponiendo sus buenos oficios pecuniarios en favor

del menor Vicente Emilio Aguilar y de su madre y heredera Doña Ruperta Concepción Aguilar, satisfizo por una y por otra suplementos de derechos reales, de multas y de honorarios de inscripciones para llevar a cabo la anotación preventiva de los legados sobre la masa hereditaria.

"6. *Resultando:* que en virtud de tales hechos planteó contienda el demandado, sobre derecho, para decidir la mayor edad aplicable al menor legatario Don Vicente Emilio Aguilar, y también sobre hecho y derecho a un mismo tiempo para restitución de cantidades suplidas y prescripción de las acciones del préstamo calificado con denominación equivocada de depósito, en cuyos conceptos adujo que, según el artículo 30 del Código Civil, no modificado, la Orden General de 18 de diciembre de 1899 que fijó en los 21 años la mayoridad, no tiene efecto retroactivo, y no puede por ello afectar contratos ni estados de derechos nacidos al amparo de la legislación anterior, con perjuicio de tercero, por lo cual el legado reclamado no se halla vencido, según los incisos 1 y 2 del artículo 1125 del Código Civil; la doctrina de los cuasi-contratos, que define el artículo 1887 del mismo código; la obligación de indemnizar los suplementos de derechos reales, multas, gastos de inscripción hechos por el demandado por cuenta y conveniencia exclusiva del legatario, en observancia del artículo 1893 del mismo código; y la sentencia suprema española de 8 de junio de 1875, que admite reconvención o mutua petición por virtud de hechos nuevos contrapuestos a los de la demanda.

"7. *Resultando:* que conferido traslado de la reconvención a la parte actora, le impugnó por defecto en el modo de proponerla, porque en ella no se determina la cuantía exacta de lo que se reclama, si bien Don Edgardo Vázquez satisfizo los derechos reales líquidos, porque tal era su deber según el testamento, incurriendo además en una multa por su morosidad; y apoyado en los artículos 523 y 532 de la Ley de Enjuiciamiento Civil, y en los artículos 1168 y 1200 del Código Civil y 46 y 50 de la Ley Hipotecaria interesó que se declarase sin lugar la reconvención.

"8. *Resultando:* que en el acta de la comparecencia sobre pruebas propuso el actor las siguientes: 1, la agregación de la partida bautismal que acompañó del legatario Vicente Emilio, nacido el 5 de abril de 1880; 2, la declaratoria de heredero de dicho Vicente Emilio (*) recaída en favor de la demandante Doña Ruperta Concepción Aguilar; 3, la protocolización del testamento de Don Rafael Vázquez y Vázquez otorgado el día 4 de junio de 1890; 4, el documento pri-

vado original de 16 de junio de 1883, por el que Don Rafael Vázquez declaró tener en su poder a disposición de Ruperta Vázquez Aguilar en concepto de depósito 600 pesos mejicanos; y 5, prueba pericial de cotejo de letras del susodicho documento privado por peritos calígrafos caso de negarse su autenticidad, debiendo cotejarse también con sus matrices los documentos públicos de la parte actora si fuesen impugnados.

"9. *Resultando:* que el demandado propuso la siguiente prueba: 1, posiciones en pliegos cerrados y bajo juramento indecisorio para Doña Ruperta Concepción Aguilar; 2, declaración testifical de su marido Don Antonio Moret; 3, copia literal de la planilla de contribución presentada al Tesoro Insular a nombre de la demandante, según lo provenido en el Bill Hollander; 4, declaración del testigo Don Genaro Cautiño, comerciante, vecino de Guayama; y 5, la de Don Juan Francisco Rivera, propietario de la misma vecindad.

"10. *Resultando:* que en el acto del juicio oral que tuvo lugar el día 24 de febrero del corriente año, el letrado defensor de la parte demandada dió por legítima la firma de Don Rafael Vázquez en el tengo de 600 pesos mejicanos; la demandante Doña Ruperta Concepción Aguilar afirmó ser cierto que nunca había reclamado a Don Edgardo Vázquez ni a su finado padre Don Rafael los 600 pesos que dice se le adeudaban; fué renunciada la declaración de Don Antonio Moret; Don Genaro Cautiño Vázquez declaró ser mayor de edad, casado, comerciante, pariente del demandado, haber sido tutor de Don Vicente Emilio, no tiene interés en el pleito ni amistad íntima con las partes; tiene en arriendo la hacienda del Sr. Vázquez por cuenta de éste; pagaba las rentas del legado; es socio de sucesores de Tomás Cano y Compañía, arrendatarios de la hacienda de Vázquez; la anotación hecha de los legados las satisfizo Don Edgardo Vázquez con dinero que tomó en la casa del declarante, porque la interesada no lo tenía aunque deseaba verificar el pago; anotó en la cuenta de Don Edgardo lo dado a éste; le consta que los gastos en cuanto al legado del menor, los satisfizo Don Edgardo, y en cuanto los del otro legado, le manifestó el Sr. Vázquez que también los había satisfecho él; sabe que la Concepción tenía un pagaré y le propuso a Don Edgardo que con su importe pagara dichos gastos, porque ella carecía de dinero; no puede precisar de una manera positiva las cantidades que ha (*) satisfecho Don Edgardo Vázquez por derechos reales, por anotación y otros conceptos, aunque sí puede asegurar que Don Edgardo satisfizo los gastos de anotación y los derechos reales del legado del menor

Don Vicente; y renunciada la declaración del testigo Don Juan Rivera, habiendo informado los letrados defensores se dió por terminado el acto.

"11. *Resultando:* que señalado el día 11 de marzo para la votación de la sentencia con citación de las partes en los Estrados de Humacao, recayó por unanimidad sentencia declarando sin lugar la demanda y reconvención y sin especial condenación de costas.

"12. *Resultando:* que en la tramitación de este pleito se han guardado las formas procesales y no se ha consignado protesta alguna de nulidad; siendo Ponente el Juez Asociado Don Ulpiano Valdés Cajas.

"1. *Considerando:* que la Orden General invocada número 219 de 18 de diciembre de 1899, no concede expresamente efecto retroactivo a la nueva mayoridad que consigna de los 21 años cumplidos.

"2. *Considerando:* que el artículo 30 del Código Civil vigente sólo otorga efecto retroactivo a las leyes civiles cuando ellas mismas de una manera expresa lo previenen.

"3. *Considerando:* que instituído el legado y aceptado el gravamen por el heredero bajo el régimen del Código Civil, sería evidentemente dar efecto retroactivo a la citada Orden General de 1899 después de haberse regido el vencimiento del legado o el legado mismo durante muchos años por el Código Civil, si hubiese de regularse ahora por otra ley distinta.

"4. *Considerando:* que ni el testador al instituir el legado ni el heredero al aceptar herencia, pudieron tener en cuenta otra mayoridad conocida que la sancionada por entonces en el Código Civil, o sea, los 23 años cumplidos.

"5. *Considerando:* que según el criterio de transición de la disposición primera final del Código Civil, no modificada, e invocada por la parte demandante, la institución del legado debe regirse por el Código Civil como hecho y derecho nacido bajo su régimen.

"6. *Considerando:* que los legados como las obligaciones a plazos, no son exigibles antes de su vencimiento.

"7. *Considerando:* que la reconvención alegada adolece de defecto legal en el modo de proponerla por falta de precisión de su cuantía por lo cual no puede ser objeto de liquidación en trámites de cumplimiento (*) de sentencia por lo que procede, aun cuando declararse sin lugar reservar a la parte que la alegó sus derechos para que pueda cobrar de la demandante la cantidad desembolsada por el demandado.

"8. *Considerando:* que de la certificación expedida por el Teso-

rero de Puerto Rico, respecto a bienes declarados por Doña Concepción Aguilar, no aparece que dicha señora declaró a su favor el crédito de 600 pesos mejicanos que reclama para los efectos de la contribución, por lo que no puede ser cobrado por acción legal o pleito ante ninguna de las cortes de la Isla, sino hasta después de haber sido declarado y pagadas las contribuciones correspondientes al mismo, a tenor de lo prescrito en la sección 18 de la Ley para Proveer de Rentas al Pueblo de Puerto Rico y para otros fines.

"9. *Considerando:* que habiéndose desestimado las pretensiones de ambas partes litigantes no procede hacer especial condenación de costas.

"*Vistas* las disposiciones legales ya citadas por las partes y además la Ley para Proveer de Rentas al Pueblo de Puerto Rico y para otros fines.

"*Fallamos:* que debemos declarar y declaramos sin lugar la demanda interpuesta por Doña Ruperta Concepción Aguilar, si bien reservando a ésta sus derechos para el cobro de los 600 pesos mejicanos tan pronto declare dicho crédito y pague las contribuciones correspondientes al mismo, y sin lugar también la reconvención, reservando también a Don Edgardo Vázquez sus derechos para que pueda cobrar de la Señora Aguilar, la cantidad objeto de la reconvención sin especial condenación de costas. Así por ésta nuestra sentencia, lo pronunciamos, mandamos y firmamos: Salvador Fulladosa, J. M. Kearney, Ulpiano Valdés."

*Resultando:* que contra la expresada sentencia interpuso Doña Ruperta Concepción Aguilar recurso de casación por infracción de ley, y elevados los autos a esta Corte Suprema, se sustanció el recurso como de apelación, cumpliendo con lo dispuesto en la Ley de la Asamblea Legislativa de doce de marzo del año anterior.

*Resultando:* que evacuado el trámite de instrucción se señaló día para la vista y en dicho acto los letrados que a las partes representan y dirigen, alegaron cuanto creyeron conveniente a los derechos de sus representados.(*)

Abogado del apelante: *Sr. Juan de Guzmán Benítez.*

Abogado del apelado: *Sr. Texidor.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando:* los fundamentos de hecho de la sentencia recurrida, y

*Considerando:* que se trata, en primer término, de un legado de cantidad, exigible únicamente cuando se cumpla la condición impuesta por el testador.

*Considerando:* que dicha condición no se hizo depender del hecho de que el menor arribase a una edad determinada, sino que, según la voluntad del testador, expresada en su testamento, se hizo depender del día en que el legatario fuese capaz para todos los actos de la vida civil, y como esa capacidad la obtuvo después de cumplir los veinte y un años, según la Orden General, número 219, de 18 de diciembre de 1899, claro es que se cumplió la condición impuesta, y pudo entonces reclamar el legatario la cantidad demostrativa del legado, y por haber éste fallecido, siendo menor de edad, su heredera, que es su madre Doña Ruperta Concepción Aguilar, según lo proveyó el mismo testamento.

*Considerando:* que no se atribuye efecto retroactivo a la Orden General, No. 219 ya citada, cuando el derecho que se invoca, según ella, se origina en hechos realizados con posterioridad al día en que empezó a regir, y en el caso de que se trata, es evidente que el de reclamación del legado pretendido por la madre del menor fallecido, nació exclusivamente en el momento en que éste fué mayor de edad, puesto que tal hecho es el único que determina el cumplimiento de la obligación que espontáneamente contrajo el heredero instituído, al aceptar pura y simplemente la herencia de su padre, Don Rafael Vázquez y Vázquez, de donde se infiere que no se ha infringido el artículo 3°. del Código Civil, ni la regla 1ª. de las transitorias del citado texto.

*Considerando:* que la reconvención formulada por el demandado (*) adolece indudablemente de defecto legal en el modo de proponerla, que como excepción ha sido alegada

por la parte actora, puesto que no se ajusta a lo que prescribe el artículo 523 de la Ley de Enjuiciamiento Civil.

*Considerando:* que de la certificación expedida por el Tesorero de Puerto Rico, respecto a bienes declarados por Doña Concepción Aguilar, no aparece que esa señora declarara a su favor, para los efectos de la contribución, el crédito de 600 pesos mejicanos que reclama, por lo que dicho crédito no puede ser cobrado por acción legal, o pleito, ante ninguno de los tribunales de la Isla, sino hasta después de haber sido declarado y pagadas las contribuciones correspondientes al mismo, con arreglo a lo que previene el artículo 301 del Código Político de Puerto Rico.

*Considerando:* que no desestimándose totalmente las pretensiones de las partes demandante y demandada, debe el tribunal resolver en cuanto a las costas, con arreglo a equidad, según la regla 63 de la Orden General, No. 118, serie de 1899.

*Vistos* los textos legales que se dejan citados, los demás invocados por una y otra parte.

*Fallamos:* que confirmando en lo conforme, y revocando en lo demás la sentencia apelada, debemos condenar y condenamos a Don Edgardo Vázquez Aguilar a que pague a Doña Ruperta Concepción Aguilar la suma equivalente en moneda americana, a los 8,000 pesos mejicanos, objeto del legado reclamado, con los intereses legales a contar desde la fecha de la interposición de la demanda; y declaramos ésta sin lugar en la parte relativa al cobro del crédito de 600 pesos mejicanos, como también la reconvención formulada por el demandado con reserva a ambos de los derechos que les asistan y que podrán ejercitar en el modo y forma correspondientes, entendiéndose las costas del juicio y las del recurso, sin especial condenación, y con certificación de esta sentencia, devuélvanse los autos al Tribunal de Distrito de Humacao, a los fines procedentes. (*)

Jueces concurrentes: Sres. Presidente Quiñones y Asociado MacLeary.

Jueces disidentes: Sres. Figueras y Sulzbacher.

OPINIÓN DISIDENTE DE LOS JUECES ASOCIADOS SRES. FIGUERAS Y SULZBACHER.

Los Jueces Asociados que suscriben, están conformes con la siguiente resolución:

*Aceptan* los fundamentos de hecho de la sentencia recurrida y los que se refieren a la sustanciación del recurso en esta Superioridad, y aceptan los fundamentos de derecho 1, 2, 3 y 4 de la sentencia que precede, y

*Considerando:* que para que la sección 301 del Código Político pudiese interpretarse en el sentido en que lo hace el Tribunal de Humacao, y la mayoría de esta Corte Suprema, era necesario que la mera presentación del documento creditivo de deuda, ante los Tribunales de Justicia, aparejase, de modo ineludible, la orden immediata de pago; pero esto no es así, dentro del orden del procedimiento, porque todo documento de deber que se presenta, está sujeto a las contingencias del debate que se plantea, a las manifestaciones del deudor y a la prueba, hasta que se dicte la sentencia favorable al acreedor, y llegue el momento de su cobro, en la vía de apremio.

*Considerando:* que la presentación del documento y de la demanda no tienen otra significación que la comparecencia en juicio, sin que esto prejuzgue la pertinencia de lo que en ella se pide.

*Considerando:* que atendiendo a esas razones sin duda es que en la disposición que se analiza se usa el verbo cobrar (*to recover*) texto inglés, y no el verbo reclamar, que sería el adecuado y propio, si hubiese sido el propósito impedir el ejercicio antes los tribunales, de la acción civil correspondiente,(*) cosa que a la verdad podría redundar en algún caso, en perjuicio irreparable para la parte y en grave daño para las rentas del Tesoro.

*Considerando:* que no puede atribuirse a las leyes lo injusto, mientras haya una razón fundada para preservarlas, esta mala nota, y esa fundada razón se encuentra en una interpretación que en nada agravie los intereses del Tesoro de Puerto Rico, ni lesione tampoco los derechos de las partes que tengan necesidad de acudir a la vía judicial para hacerlos verdaderamente efectivos.

*Considerando:* que para ser consecuente con la interpretación que se da a dicha sección 301, en la anterior sentencia, ha debido declararse la nulidad de todo lo actuado con las costas al Tribunal sentenciador, porque no parece justo ni equitativo sustanciar por todos sus trámites un pleito, con dispendios para la parte actora, para decirle luego en la sentencia, que no tiene derecho a intentar la vía judicial para el cobro del documento que presenta.

*Considerando:* lo dispuesto en la regla 63 de la Orden General No. 118, serie de 1899.

*Fallamos:* que revocando la sentencia apelada, debemos condenar y condenamos a Don Edgardo Vázquez Aguilar a que pague a Doña Ruperta Concepción Aguilar la suma equivalente en moneda americana, a los 8,000 pesos mejicanos, objeto del legado reclamado, y los 600 pesos, también mejicanos, en igual forma, del depósito que igualmente se reclamó en la demanda con los intereses legales a contar desde la fecha de la interposición de la misma, y declaramos sin lugar la reconvención formulada, entendiéndose que los 600 pesos del depósito, o su equivalente, en moneda americana, no pueden hacerse efectivos o cobrarse por la vía de apremio hasta que no se cumpla con todo lo dispuesto en la sección 301 del Código Político, siendo las costas de este juicio a cargo del demandado.(*)